A06A0770. IN THE INTEREST OF C. A., a child.
(632 SE2d 698)

MILLER, Judge.

A juvenile court approved the nonreunification of C. A. with her parents. Only the mother appeals the juvenile court's order, contending that the State did not show by clear and convincing evidence that (1) the child was deprived in a manner that would warrant the child's removal from the mother's home, and (2) reunification with the mother was not appropriate. We discern no error and therefore affirm.

1. In four enumerations, the mother contends that the State did not show by clear and convincing evidence that C. A. was deprived in a manner that would authorize her removal from her mother's home by the Emanuel County Department of Family and Children Services (the "Department"). The record reveals, however, that C. A. was deprived, in that the mother had been involved in violent domestic disputes with the father; had abused drugs and alcohol; was unemployed and had no independent income outside of the father's disability payments; and had reunited with the violent father after leaving a battered woman's shelter, such that C. A. needed to remain in the temporary legal custody of the Department. As the juvenile court orders in which these findings were made were not appealed, the mother was bound by them. See *In the Interest of R. G.*, 249 Ga. App. 91, 93 (1) (a) (547 SE2d 729) (2001). Therefore, the mother's enumerations of error with respect to these findings are without merit.

2. In her final enumeration, the mother contends that the juvenile court erred by approving the Department's nonreunification recommendation. We disagree.

In order to approve the Department's recommendation that reunification is not appropriate, a juvenile court must determine by clear and convincing evidence that reasonable efforts to reunify the child with his or her family would be detrimental to the child. OCGA § 15-11-58 (h); see also *In the Interest of J. P.*, 253 Ga. App. 732, 735 (560 SE2d 318) (2002). On appeal from the juvenile court's order, this Court does not weigh the evidence or determine witness credibility,

but defers to the juvenile court's findings of fact and will uphold the juvenile court's decision unless the appellate standard is not met. *In the Interest of R. U.*, 239 Ga. App. 573, 577 (1) (521 SE2d 610) (1999). Moreover, there is a presumption that reunification services should not be provided if clear and convincing evidence exists that the parent has unjustifiably failed to comply with a previously ordered plan designed to reunite the family. OCGA § 15-11-58 (h) (1).

The record reveals that the Department removed C. A. from her mother's custody for multiple reasons: the child had not been fed for seven days after her birth, the mother was unable to provide a stable home for the child, the mother was drug and alcohol dependent, and the mother and father were unable to avoid domestic violence. In connection with the juvenile court's December 21, 2004 disposition order, a reunification plan was prepared. The plan required that the mother remain drug and alcohol free; establish a stable home for C. A.; keep C. A. safe from domestic violence; obtain a psychological evaluation; attend parenting classes; undergo counseling; pay child support; visit C. A.; and have no further contact with the father.

The evidence reveals that, following the disposition order and prior to the July 2005 nonreunification hearing, the mother failed to complete parenting classes; failed to obtain stable housing and employment; failed to pay child support; failed to attend physician-recommended psychotherapy; and, despite several Department efforts to locate her and assist her with her reunification plan, disappeared for months at a time without explanation and without visiting C. A.

The Department's social service supervisor testified that, in light of the mother's unwillingness to participate in the reunification plan and C. A.'s need for permanence — which the mother could not provide — C. A. would be better off in the custody of loving relatives who were willing to take care of her.

Based on this evidence, a rational trier of fact could have found clear and convincing evidence that the mother unjustifiably failed to comply with her reunification plan, and that reasonable efforts to reunify C. A. with her mother would be detrimental to the child. See OCGA § 15-11-58 (h). The juvenile court did not err by approving the Department's nonreunification recommendation. See *In the Interest of R. U.*, supra, 239 Ga. App. at 575-576 (1).

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED JUNE 12, 2006.

*John R. Thompson*, for appellant.

*Thurbert E. Baker, Attorney General, Shalen S. Nelson, Senior Assistant Attorney General, Charissa A. Ruel, Assistant Attorney General, Lance J. Hamilton*, for appellee.